**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WILZ AND : | |
| LORRAINE WILZ, h/w : | |
| : | CIVIL ACTION NO. |
| : | |
| *Plaintiffs,* : | |
| v. : | |
| : | |
| : | |
| STADIUM CASINO RE, LLC d/b/a LIVE! : | |
| CASINO & HOTEL PHILADELPHIA : | |
| : | |
| *Defendant.* : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

**I. PARTIES**

1. Plaintiffs, Michael Wilz and Lorraine Wilz, h/w, are adult individuals and citizens of the State of New Jersey, residing therein at 16 Eagle Ridge Drive, Mantua, NJ 08051.

2. Defendant, Stadium Casino RE, LLC d/b/a Live! Casino & Hotel Philadelphia (hereinafter "Stadium Casino RE, LLC") is a business entity, believed to be a Limited Liability Corporation, with a principal place of business in Pennsylvania and headquarters located at 601 E. Pratt Street, 6th Floor, Baltimore, MD 21202.

**II. JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. § 1332.

4. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

III.   **STATEMENT OF CLAIMS**

6.   At all times relevant hereto, Defendant, Stadium Casino RE, LLC, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

7.   At all times material herein, Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located 900 Packer Avenue, Philadelphia, PA 19148.

8.   On or about March 13, 2021, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises located at 900 Packer Avenue, Philadelphia, PA 19148, including the adjacent sidewalks, walkways and curbs, in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff Michael Wilz.

9.   On or about March 13, 2021, Plaintiff Michael Wilz was an invitee at the Defendant's aforesaid premises located at 900 Packer Avenue, Philadelphia, PA.

**COUNT I**
**MICHAEL WILZ v. STADIUM CASINO RE, LLC**
**NEGLIGENCE – PREMISES LIABILITY**

10.   Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of the within Complaint as though the same were fully set forth at length herein.

11.   On or about March 13, 2021, Plaintiff Michael Wilz was walking out one of the two main entrances to the casino, when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the aforementioned premises, Plaintiff tripped and fell over a concrete step/curbing which did not have proper warning or indication, thereby causing the

Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth herein.

12. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Stadium Casino RE, LLC, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

  (a) carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff;

  (b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

  (c) carelessly and negligently failing to recognize the defect that existed in a dangerous condition on Defendant's aforesaid premises, which caused Plaintiff's fall, and to timely remedy same;

  (d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

  (e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

  (f) failing to adequately and timely repair defects to the aforesaid premises;

  (g) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

  (h) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

  (i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

13. Plaintiff, Michael Wilz, in no manner contributed to his own injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

14. As a result of the aforesaid negligence of the Defendant, Plaintiff, Michael Wilz, suffered severe injuries, including, but not limited to, : impaction fracture, left distal humerus; left radial head fracture; left elbow lateral ulnar collateral ligament rupture, that required surgery; loose body, left elbow that required surgery, as well as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

15. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

16. As a further result of the aforesaid accident, Plaintiff, Michael Wilz, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

17. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

18. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

20. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Michael Wilz, demands judgment against Defendant, Stadium Casino RE, LLC, in an amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

## COUNT II
## LORRAINE WILZ v. STADIUM CASINO RE, LLC
## LOSS OF CONSORTIUM

21. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty (20) of the within Complaint as though the same were fully set forth at length herein.

22. As a further result of the incident described herein, Plaintiff, Lorraine Wilz, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Michael Wilz, to which she is legally entitled

23. As a further result of the incident described herein, Plaintiff, Lorraine Wilz, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Lorraine Wilz, demands judgment against Defendant, Stadium Casino RE, LLC, in amount in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims.

                                                                Respectfully,

                                                                **SWARTZ CULLETON PC**

By:    /s/ Brandon A. Swartz
            Brandon A. Swartz, Esquire
            Maria K. McGinty-Ferris, Esquire
            547 E. Washington Avenue
            Newtown, PA 18940
            T: (215) 550-6553
            F: (215) 550-6557
            *Attorneys for Plaintiffs*,
            Michael Wilz and Lorraine Wilz, h/w

Date: October 25, 2021

## VERIFICATION

I, _____M_____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

x _____*Michael*_____